KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI SIEPMANN, ESQ.
Nevada Bar No. 002478
JORDAN F. FAUX, ESQ.
Nevada Bar No. 12205
THE FAUX LAW GROUP
1540 W. Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Email: kfaux@fauxlaw.com
  wsiepmann@fauxlaw.com
  jfaux@fauxlaw.com
*Attorneys for Plaintiff Archer Western Contractors, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ARCHER WESTERN CONTRACTORS, LLC<br>A Delaware foreign limited-liability company<br><br>Plaintiff,<br><br>v.<br><br>THE ERECTION COMPANY, INC.,<br>A Washington corporation<br><br>and<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>A Connecticut Corporation<br><br>Defendants. | CASE NO. 2:17-cv-03032-GMN-NJK<br><br><br>**STIPULATION TO STAY and ORDER** |

Plaintiff, Archer Western Contractors, LLC, ("Archer Western"), and Defendants, The Erection Company, Inc. ("TEC"), and Travelers Casualty and Surety Company of America ("Travelers TEC") [1], (collectively referred to as the "Parties"), by counsel, hereby stipulate to stay

---

[1] Travelers issued payment and performance bonds to both Archer Western and TEC. Travelers' bonds related to Archer Western are referred to as "Archer Western Travelers". Travelers' bonds related to TEC are referred to as "Travelers TEC".

this litigation. This joint stipulation is made for good cause and is not made with any intent to delay these proceedings. This Stipulation is based upon the information and case law provided below.

## STIPULATION

### I.   INTRODUCTION

The Parties seek to stay the pending action for two primary reasons:

(a) Archer Western filed this lawsuit due to concerns regarding the expiration of the statute of limitation; and

(b) The resolution of a pending dispute between Archer Western and the Federal Aviation Administration ("FAA") may resolve this lawsuit and other pending and potential lawsuits as delineated below.

### II.   STATEMENT OF THE CASE

This litigation is related to and arises from disputes between Archer Western and the FAA regarding the construction of the new Air Traffic Control Tower and Terminal Radar Approach Control at McCarran International Airport, Las Vegas, Nevada ("Project"). It also arises from disputes between Archer Western, its subcontractors, and their subcontractors regarding the assertions of affirmative claims.

Archer Western, as general contractor, entered into a prime contract with the FAA, the owner, to construct the Project. Archer Western entered into subcontracts with the Gallagher-Kaiser Corporation ("G-K") and Fisk Electric Company ("Fisk"), wherein G-K was to perform certain mechanical and plumbing work for the Project as a subcontractor to Archer Western, and wherein Fisk was to perform certain electrical work.

During the Project, the FAA materially altered the character of Archer Western's work on the Project by, among other things, issuing numerous changes and design revisions – including

changes and design revisions to G-K's mechanical and plumbing work and Fisk's electrical work. The FAA's changes and design revisions are described in detail in Archer Western's claims against the FAA (Notices of Contract Dispute), which are included as part of Exhibit A attached hereto.  The FAA's numerous changes and design revisions significantly increased Archer Western's, G-K's and Fisk's cost of performing their work.  Archer Western contends that it also increased the cost of G-K's and Fisk's subcontractors.  TEC and Travelers TEC dispute that contention and the contention that Archer Western may seek indemnification for claims by any of G-K's or Fisk's subcontractors..  The FAA's changes and design revisions also impacted Archer Western's and G-K's ability to perform their work in a timely and cost-effective manner.

Additionally, Archer Western alleges that the work of Archer Western, its subcontractors, and their lower-tiered subcontractors was affected by significant delays to the entire Project caused by TEC, which had been retained by one of Archer Western's subcontractors to do the steel erection work on the Project. TEC disputes and denies this allegation.  While a previous lawsuit between Archer Western, TEC, and Travelers TEC was settled and dismissed, the settlement agreement between the parties exempted claims relating to the Project from G-K and Fisk.[2] Archer Western and Archer Western Travelers contend that the settlement agreement also exempted claims from G-K and Fisk's subcontractors.  TEC and Travelers TEC dispute that contention.

Archer Western asserts that G-K and Fisk Electric, subcontractors to Archer Western, have asserted claims against Archer Western and Archer Western Travelers.  Archer Western also asserts that subcontractors of G-K have asserted claims against Archer Western and Archer Western Travelers.  TEC and Travelers TEC dispute that these claims are exempted from the

---

[2] The dismissed case is The Erection Co., Inc. v. Archer Western Contractors, LLC, et al., Case No. 2:12-cv-00612-MMD-MJK.

settlement agreement between Archer Western and Archer Western Travelers and TEC and Travelers TEC.

G-K, has filed a legal action against Archer Western and/or Archer Western Travelers, and this action has been dismissed without prejudice for one primary reason, namely that the pending action between Archer Western and the FAA will potentially resolve the claims of G-K and of Fisk. Desert Mechanical and Liberty Duct also filed legal actions against Archer Western and/or Archer Western Travelers, which have been stayed. TEC and Travelers TEC dispute that they might have any liability related to those claims and that their actions and/or claims are exempted from the settlement agreement.

As a result of the FAA's changes and design revisions, and in accordance with the dispute resolution process in the prime contract, Archer Western submitted its claims for additional compensation (Notices of Contract Dispute) to the Office of Dispute Resolution for Acquisitions ("ODRA"). (Exhibit A.) That dispute is pending. ODRA is the sole, statutorily designated tribunal for all contract disputes under the FAA's management system. 14 CFR Part 17.

A substantial portion of the pending claims against Archer Western by its subcontractors relates to claimed delay damages, and, as stated, Archer Western contends that TEC caused substantial delays on the Project, a contention disputed by TEC. Because of statute of limitation concerns, Archer Western asserts that it could not wait until its claim against the FAA was resolved to assert a claim against TEC and Travelers TEC but was forced to file the instant lawsuit. However, as the ultimate outcome of Archer Western's claim against the FAA will have a significant effect on this case and the other pending claims and cases, the Parties seek to stay this action pending the resolution of the ODRA action.

///

///

## III.    LEGAL SUPPORT

### A.  The Legal Standard

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American. Co., 299 U.S. 248, 254-55 (1936).  There is no requirement that "before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical." Id. at 254.

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (1962).

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979).

/ / /

/ / /

B. <u>The Present Litigation should be stayed until the dispute between Archer Western and the FAA is resolved.</u>

As stated, this case was filed by Archer Western because of statute of limitation concerns. The case, however, is significantly related to other pending litigation and claims, all of which arise out of the same Project, with the main dispute being the one between Archer Western and the FAA as described in Exhibit "A". It is likely that the outcome of that dispute will significantly affect the other pending claims of Archer Western's subcontractors and sub-subcontractors, and may well cause this case to be dismissed or be consolidated with one of the other cases. In the meantime, and because of that likely outcome, the Parties hereto should not be forced to incur significant attorney's fees and costs.

C. <u>The "Competing Interests of Justice" in the Present Matter Support a Stay of this Litigation</u>

The "competing interests" in the present matter also support a stay of this litigation. <u>See</u> <u>CMAX, Inc.</u>, 300 F.2d 265, 268.  In the first instance, no possible damage to the Parties or this Court will result from the stay, and TEC and Travelers TEC will not be prejudiced by a stay of this litigation. <u>See Id</u>.  A stay of the present litigation would only be temporary and would only remain in effect until such time that the ODRA proceedings are exhausted.  Once the ODRA proceedings conclude, this litigation can resume, if necessary, and the stay will not result in TEC and Travelers TEC losing any contractual or legal rights.

However, if the present litigation is not stayed, the Parties will be prejudiced and will suffer "hardship or inequity." <u>See Id</u>.  Litigating the same issues in this Court and ODRA at the same time would be duplicative and unduly burdensome.  If this litigation is not stayed, the Archer Western will incur unnecessary attorneys' fees and legal costs in having to litigate the same issues simultaneously in different jurisdictions, and TEC and Travelers TEC will incur similar fees and cost.

Furthermore, if this litigation is not stayed, Archer Western, TEC and Travelers TEC would be forced to litigate issues related to the claims of other contractors and subcontractors, whose own actions against Archer Western have been stayed or dismissed. That, in turn, would potentially result in inconsistent outcomes, duplicative proceedings and discovery, and might not resolve any of the pending disputes.

In fact, this lawsuit, by its very nature, relates to the claims of G-K and Fisk, and indirectly to the dispute between Archer Western and the FAA. If this case is not stayed, Archer Western will in all likelihood move to have it consolidated with one of the other pending lawsuits, because of the assertion of delay damages by one of those plaintiffs. Because those cases are presently stayed, the ultimate result would be the same.

The "orderly course of justice" and the judicial economy of this Court would be enhanced if this litigation were stayed and the ODRA proceedings were allowed to proceed to determine the entitlement and measure of Archer Western's damages resulting from claims by G-K and/or Fisk. Archer Western and Archer Western Travelers also contend that this lawsuit pertains to claims of G-K's and Fisk's subcontractors.  TEC and Travelers TEC dispute that contention and the contention that Archer Western may seek indemnification for claims by any of G-K's or Fisk's subcontractors.  Judicial resources and time would be saved if this litigation is stayed because the risk of inconsistent findings and judgments would be avoided. Also, if this litigation is stayed, Archer Western could recover damages against the FAA in the ODRA proceedings for these other pending claims and, as a result, these claims against Archer Western could be resolved without the need for this litigation.  Even if the ODRA proceedings do not resolve all of the issues between Archer Western and G-K, the ODRA proceedings will at the very least significantly narrow the issues.  Nevertheless, if this litigation is stayed, there would be no harm to the Parties as the stay

could be lifted upon the conclusion of the ODRA proceedings, and the Parties would not incur any fees and cost in the meantime.

## IV. CONCLUSION

Based on the above, the Parties respectfully requests that this Court stay this litigation until the owner related disputes process against the FAA is exhausted.

By agreeing to this Stipulation, TEC and Travelers TEC do not waive and Archer Western agrees that TEC and Travelers TEC retain any and all defenses which they have to Archer Western's complaint, and which they could have asserted in a responsive pleading pursuant to the Federal Rules of Civil Procedure.

Dated this 25th day of May, 2018.

**THE FAUX LAW GROUP**

/s/ Kurt C. Faux
KURT C. FAUX, ESQ
Nevada Bar No. 3407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 2478
JORDAN F. FAUX, ESQ.
Nevada Bar No. 12205
1540 Warm Springs, Rd., Ste. 100
Henderson, Nevada 89014
*Attorneys for Archer Western Contractors, LLC*

Dated this 25th day of May, 2018.

**KEMP, JONES & COULTHARD, LLP**

/s/ Nathanael R. Rulis (with permission)
SPENCER H. GUNNERSON, ESQ.
Nevada Bar No. 8810
NATHANAEL R. RULIS, ESQ.
Nevada Bar No. 11259
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
Telephone: (702) 385-6000
*Attorneys for The Erection Company and Travelers Casualty & Surety Company of America*

## ORDER

**IT IS HEREBY ORDERED** that the above Stipulation to Stay, (ECF No. 9), is **GRANTED**. **IT IS FURTHER ORDERED** that the parties will provide a status report of the pending FAA dispute by Tuesday, September 4, 2018, and every forty-five (45) days thereafter.

DATED this 14 day of June, 2018.

_____
Gloria M. Navarro, Chief Judge
U.S. DISTRICT COURT

00051145/ 102